716 F.2d 47
 114 L.R.R.M. (BNA) 2216, 230 U.S.App.D.C. 243
 AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,
COUNCIL OF SOCIAL SECURITY DISTRICT OFFICE LOCALS,
SAN FRANCISCO REGION, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 82-1897.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 27, 1983.
Decided Aug. 23, 1983.
 
 Petition for Review of an Order of the Federal Labor Relations authority.
 Charles A. Hobbie, with whom Mark D. Roth and James R. Rosa, Washington, D.C., were on brief, for petitioner.
 William E. Persina, Atty., Federal Labor Relations Authority, Washington, D.C., for respondent. Steven H. Svartz, Acting Sol., Federal Labor Relations Authority, and Ellen Stern, Atty., Federal Labor Relations Authority, Washington, D.C., were on brief, for respondent.
 Before TAMM and BORK, Circuit Judges, and CHARLES R. RICHEY,[1] U.S. District Judge for the District of Columbia.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 This is a dual motive case in which the agency considered the employee's union activities in deciding not to promote the employee. We are asked to review the Federal Labor Relations Authority's abandonment of the "in-part" test, which provides that a violation occurs even if the employer's decision is based only in part on protected conduct, and its adoption of the Mt. Healthy test, which provides that no violation occurs if the employer can demonstrate that it would have reached the same decision if the protected conduct had not been considered. We affirm the Authority's decision and order to the extent the Authority adopted the new standard as a means of selecting an appropriate remedy, but we do not rule on the correctness of the standard as a means of determining whether a violation has occurred.
 
 I. BACKGROUND AND FACTS
 
 2
 The Authority is charged with administering Title VII of the Civil Service Reform Act of 1978, the Federal Service Labor-Management Relations Statute (the Statute), 5 U.S.C. Sec. 7101 et seq. (Supp. V 1981). Under section 7102 of the Statute, employees "have the right to form, join, or assist any labor organization ... without fear of penalty or reprisal" and "shall be protected in the exercise of such right." Section 7116(a) proscribes certain conduct by agencies as unfair labor practices. For example, an agency may not "interfere with, restrain, or coerce any employee in the exercise by the employee of any right under [the Statute]" or "discourage membership in any labor organization by discrimination in connection with hiring, tenure, promotion, or other conditions of employment." Id. Sec. 7116(a)(1), (2).
 
 
 3
 Employee and union representative Floyd Banks applied for a promotion to a technical assistant position in the Social Security Administration's Office of Program Operations. On February 5, 1980, Banks and the manager of the center where he worked discussed the position Banks was seeking. The manager referred to Banks's activities as a local union representative and suggested that he had doubts about Banks's ability to serve in a managerial capacity because of his union background. Also, the manager stated, "Well, with all the trouble you've given me in the last year do you really expect me to pick you for that position." Decision of Administrative Law Judge, Office of Program Operations, 9 F.L.R.A. No. 11, at 90 (Feb. 27, 1981) (hereinafter cited as Decision of ALJ). Moreover, the manager alluded to an incident where he admittedly had difficulty distinguishing between Banks's role as an employee and his role as a union representative.
 
 
 4
 When Banks was not selected for the technical assistant position, the General Counsel of the Authority issued an unfair labor practice complaint alleging that the agency had violated section 7116(a)(1) and (2) by making unlawful statements to Banks regarding his union involvement and by discriminating against him by considering his union activities in connection with a promotion. A hearing was held before an Administrative Law Judge (ALJ), and on February 27, 1981, the ALJ found that the agency had violated section 7116(a)(1) and (2) by considering in the selection process Banks's union activities and had independently violated section 7116(a)(1) by making statements to Banks criticizing his union background. Decision of ALJ, at 91 & n. 7. Adhering to interpretations of Executive Order No. 11,491, as amended, reprinted in 5 U.S.C. Sec. 7101 note at 312-17 (Supp. V 1981), the ALJ stated that a violation occurs whenever union considerations play a part in management's decision not to select an employee for promotion. Decision of ALJ, at 89. The ALJ, however, did not recommend retroactive promotion and back pay under the Back Pay Act, 5 U.S.C. Sec. 5596 (1976 & Supp. V 1981), because he found that the agency had met its burden of establishing that Banks would not have been promoted even if his union involvement had been disregarded. Decision of ALJ, at 91-92. Instead, he recommended that the agency be ordered to cease and desist from interfering with Banks's union rights and to rerun the selection process without considering Banks's union activities. Id. at 96-97.
 
 
 5
 On June 11, 1982, the Authority issued a decision and order on review of the ALJ's recommended decision. Although otherwise adopting his findings, the Authority rejected the ALJ's conclusion that the agency had discriminated against Banks in violation of section 7116(a)(1) and (2) by taking into account Banks's union activities. Decision and Order, Office of Program Operations, 9 F.L.R.A. No. 11, at 74 (June 11, 1982) (hereinafter cited as Decision of FLRA). The ALJ had applied the "in-part" test, which provides that a violation occurs even if management's failure to promote is based only in part on union activities. Subsequent to the ALJ's decision, however, the Authority announced a new standard: "If it is established by a preponderance of the evidence that the same action or decision of the agency would have taken place even in the absence of the protected activity, a complaint of violation of section 7116(a)(1) and (2) of the Statute will not be sustained." Decision and Order, Internal Revenue Service, Washington, D.C., 6 F.L.R.A. No. 23, at 99 (June 17, 1981). The Authority held that because the ALJ had found that the agency had valid and sufficient reasons for not selecting Banks, no improper discrimination occurred. Decision of FLRA, at 75. The Authority, therefore, dismissed the portion of the complaint alleging an unlawful refusal to promote Banks but adopted the ALJ's conclusion that the agency had violated section 7116(a)(1) by making statements to Banks criticizing his union background. Id. at 74. The Authority ordered the agency to cease and desist during selection proceedings from referring to Banks's or other employees' union activities, to cease and desist from interfering with Banks or other employees in the exercise of any other rights assured by the Statute, and to post on employee bulletin boards a notice that the agency will not interfere with employee rights. Id. at 76-79. Because it held that there was not an unlawful refusal to promote Banks, the Authority did not accept the ALJ's recommendations that the agency be ordered to cease and desist from considering Banks's union activities in evaluating him for the promotion and that the agency be ordered to rerun the selection process. See Decision of ALJ, at 96-98.
 
 
 6
 Petitioner union argues that the Authority's abandonment of the in-part test is contrary to the language and legislative history of the Statute. The only issue before us is whether the Authority's interpretation and implementation of the Statute is reasonable.
 
 II. DISCUSSION
 
 7
 The Authority has broad rulemaking and interpretative powers in administering the Statute and resolving unfair labor practice complaints. 5 U.S.C. Secs. 7105(a)(1), (a)(2)(G), 7118 (Supp. V 1981); see Department of Defense v. FLRA, 659 F.2d 1140, 1158 n. 97, 1162 n. 121 (D.C.Cir.1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). Congress intended the Authority to take a fresh and independent approach to federal labor relations and not to be bound by the policies of its predecessor, the Federal Labor Relations Council. National Treasury Employees Union v. FLRA, 691 F.2d 553, 562 n. 89 (D.C.Cir.1982); Department of Defense v. FLRA, 659 F.2d at 1162-63. Therefore, the Authority did not err in departing from the Council's in-part test if the new standard is a reasonable interpretation of the Statute. See IRS v. FLRA, 671 F.2d 560, 563 (D.C.Cir.1982); National Federation of Federal Employees v. FLRA, 652 F.2d 191, 193 (D.C.Cir.1981).
 
 
 8
 The Authority's new standard is patterned after the Supreme Court's analysis in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1976). In Mt. Healthy the school board refused to rehire a school teacher because he had been involved in several disturbances, one of which involved conduct protected by the first amendment. The Court held that it is improper to reinstate an employee simply on a finding that the protected conduct played a substantial part in the decision not to rehire because doing so could place the employee in a better position than he would have occupied if he had not engaged in the conduct. Id. at 285, 97 S.Ct. at 575. Rather, reinstatement is proper only if the employer does not demonstrate by a preponderance of the evidence that it would have reached the same decision if the protected conduct had not been considered. Id. at 287, 97 S.Ct. at 576.
 
 
 9
 Likewise, the Authority reasons that to promote the employee or rerun the selection process when it is demonstrated that the employee would not have been promoted in an unprejudiced proceeding puts the employee in a better position than he would have been in if he had not engaged in the protected conduct. Rather than being harmed by the refusal to promote automatically or rerun the selection process, the employee is placed in the same position he would have held if the selection proceeding had been properly run, which sufficiently vindicates the employee rights at stake. Additionally, automatic promotion or rerunning of the selection process is contrary to the spirit of section 7101(b), which provides that the statute "should be interpreted in a manner consistent with the requirement of an effective and efficient Government." See generally National Treasury Employees Union v. FLRA, 691 F.2d 553, 560-61 (D.C.Cir.1982); Navy Public Works Center v. FLRA, 678 F.2d 97, 101 (9th Cir.1982). Automatic promotion could result in an unqualified person gaining a position, and rerunning a selection proceeding when it has already been demonstrated that the employee will not be selected is obviously wasteful and unnecessary. Applying the Mt. Healthy standard to determine an appropriate remedy for a violation of an employee's rights is consistent with congressional intent and is a reasonable interpretation of the Statute.
 
 
 10
 The Authority, however, does not use the standard merely to determine an appropriate remedy; it also uses it to determine whether a violation has occurred at all. Because Banks would not have been promoted in any event, the Authority held that the agency's consideration in the selection process of his union activities was not a violation of the Statute. If there had not been an independent violation of the Statute, the Authority would not have been able to order the agency to cease and desist from violating employee rights and to post a notice reassuring employees that they will not be punished for exercising their statutory rights. As is demonstrated by the present case and many others, see, e.g., Pennsylvania Army National Guard, 1 F.L.R.A. No. 60, at 528 (June 14, 1979), the Authority often orders an agency to cease and desist from unlawful conduct and to post a notice even when back pay, reinstatement, or rerunning of the selection process is not appropriate. This practice is sound because protecting employee rights is a matter in the public interest, see 5 U.S.C. Sec. 7101(a) (Supp. V 1981), as well as a procedure for making the individual employee whole. Although the agency's consideration of union activities may not have harmed the individual employee because of a lack of causation, other employees may be reluctant to exercise their rights when they learn that the agency considers union activities in making promotion decisions. Moreover, the government's interest in efficiency is not advanced by applying the Mt. Healthy test to determine whether a violation has occurred rather than applying it merely to select an appropriate remedy. It appears that the Authority may be unnecessarily denying itself the power to act in future cases where union activities are considered in the selection process but are not determinative and where there are no independent violations of the statute.[2]
 
 
 11
 Nevertheless, we need not now dwell on the possible implications of the new standard because justice has been done in this case. The Mt. Healthy test has demonstrated that rerunning the selection process would be inefficient and pointless. Because the manager's statements to Banks were an independent violation of the Statute, however, the Authority has ordered the agency to cease and desist from infringing on employee rights and to post a notice reassuring employees that their rights will be protected. While the order and notice do not specifically mention consideration in selection decisions of union activities, they do reprimand the agency, command the agency not to interfere with employee rights, and inform employees that the agency will obey the law. The order and notice adequately reassure employees that their rights will be protected.
 
 III. CONCLUSION
 
 12
 We affirm the Authority's decision and order and suggest that the Authority may wish to consider whether the Mt. Healthy standard should be used to determine if a violation has occurred or whether it should be used only to select the appropriate remedy.
 
 
 13
 It is so ordered.
 
 
 
 [1]
 Sitting by designation pursuant to 28 U.S.C. Sec. 292(a) (1976)
 
 
 [2]
 We recognize that the National Labor Relations Board has adopted the Mt. Healthy test for determining whether violations have occurred in dual motive cases, Wright Line, A Division of Wright Line, Inc., 251 N.L.R.B. No. 150, at 1083 (Aug. 27, 1980), and that the Supreme Court has affirmed the Board's decision, NLRB v. Transportation Management Corp., --- U.S. ----, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). We also recognize that the Merit Systems Protection Board has adopted the Mt. Healthy test for analyzing allegations of discrimination or reprisal in dual motive cases. Gerlach v. FTC, No. DC07528010020 (MSPB Dec. 15, 1981), reprinted in Brief for Respondent, Appendix at C-1. It is uncertain, however, what standard of causation applies in Title VII discrimination cases. See Toney v. Block, 705 F.2d 1364, 1372-73 (D.C.Cir.1983) (Tamm, J., concurring); Brodin, The Standard of Causation in the Mixed-Motive Title VII Action: A Social Policy Perspective, 82 Colum.L.Rev. 292 (1982)